United States District Court
Southern District of Texas
**ENTERED**
October 08, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | § | |
|---|---|---|
| IN RE DREDGE GENERAL | § | |
| MACARTHUR, *her engines, gear,* | § | CIVIL ACTION NO. 3:23-cv-00401 |
| *tackle, etc.* | § | |
| | § | |

## OPINION AND ORDER

Pending before me in this limitation action are two opposed motions to lift the stay and dissolve the injunction ("Motions to Lift Stay") filed by Claimants Renee Sandy and Steve and Paula Cherry. *See* Dkts. 17, 18. Having reviewed the briefing, the record, and the applicable law, I **GRANT** the motions. Claimants may proceed with their claims against Callan Marine Ltd. ("Petitioner") in the 405th Judicial District Court of Galveston County, Texas.

## BACKGROUND

On June 19, 2023, Garrett Michael Cherry died while aboard Petitioner's vessel, which was docked and undergoing repairs and modifications at Conrad Shipyard. Garrett Cherry was tasked with recovering a hammer that had fallen near the dredge's propeller. He got stuck, was unable to free himself, and drowned. Shortly thereafter, Sandy filed suit individually, on behalf of minor C.C., and as the representative of Garrett Cherry's estate, against Petitioner in state district court in Galveston County, Texas.

On December 20, 2023, Petitioner instituted this limitation proceeding. On March 25, 2024, I entered an Order Directing Claimants to File and Make Proof of Claims, Directing the Issuance of Monition, and Restraining the Prosecution of Claims. Claimants filed their answers and claims on June 3, 2024, along with stipulations and their Motions to Lift Stay.

On June 24, 2024, Petitioner filed (1) a motion to dismiss Claimants' claims; (2) a third-party complaint against Conrad Shipyard, L.L.C. ("Conrad"); and (3) its response in opposition to Claimants' Motions to Lift Stay. Petitioner opposes

lifting the stay, arguing that (1) "[i]t is . . . anticipated that Conrad Shipyard will appear . . . and . . . make its own claim against [Petitioner]," meaning Conrad "is a real, identifiable, potential claimant to this Limitation action, whose interests are adverse to Claimants"; and (2) "Claimants' stipulations regarding enforcement of any excess judgment or recovery are insufficient to protect [Petitioner]." Dkt. 21 at 3, 11.

On July 18, 2024, Claimants filed amended answers and their response to Petitioner's motion to dismiss. On July 19, 2024, Conrad answered Petitioner's third-party complaint. In its Answer, Conrad raised several defenses but made no claim against Petitioner. On July 22, 2024, Claimants filed a motion to dismiss Petitioner's third-party complaint against Conrad. Conrad purported to join that motion on July 30, 2024. I need not address any of the pending motions to dismiss because Claimants' Motions to Lift Stay should be granted.

## LEGAL STANDARD

"The Limitation Act allows a shipowner, lacking privity or knowledge, to limit liability for damages arising from a maritime accident to the 'amount or value of the interest of such owner in such vessel, and her freight then pending.'" *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996) (quoting 46 U.S.C. app. § 183(a)). "A shipowner's right to limitation, however, is cabined by the 'saving to suitors' clause." *Odeco*, 74 F.3d at 674 (citing 28 U.S.C. § 1333(1)). "The saving to suitors clause evinces a preference for jury trials and common law remedies in the forum of the claimant's choice." *Odeco*, 74 F.3d at 674. "It is a well-settled tenet that a claimant may proceed in state court pursuant to the savings to suitors clause of 28 U.S.C. § 1333 upon the filing of stipulations in the federal court proceeding designed to protect the vessel owner's rights under the Limitation Act." *In re M/V Miss Robbie*, 968 F. Supp. 305, 306 (E.D. La. 1997).

Claimants who wish to have a stay lifted so that they can return to state court must "stipulate that 'the admiralty court reserves exclusive jurisdiction to determine all issues related to the shipowner's right to limit liability, and that no

judgment against the shipowner will be asserted to the extent it exceeds the value of the limitation fund.'" *Id.* at 307 (quoting *Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992)). Claimants must also "waive any claims of res judicata relevant to the issues of limitation of liability or exoneration." *In re M/V Miss Robbie*, 968 F. Supp. at 307. "Whether a stipulation adequately protects a party's rights under the Limitation Act is a question of law," but district courts have discretion in deciding whether to lift a stay. *Odeco*, 74 F.3d at 674.

## ANALYSIS

Petitioner advances two arguments as to why Claimants' Motions to Lift Stay should be denied. Neither is persuasive.

### A. CONRAD IS NOT A POTENTIAL CLAIMANT

Petitioner first argues that third-party defendant Conrad is a potential claimant whose stipulation is required before the stay can be lifted. This argument was based on the hypothetical possibility that Conrad "will appear in this Limitation action and will . . . make its own claim against [Petitioner]." Dkt. 21 at 3. Well, Conrad has appeared and answered Petitioner's third-party complaint. *See* Dkt. 31. Conrad has not, however, advanced a claim against Petitioner. More than 21 days have passed since Conrad served its answer on Petitioner, and Conrad has not asked to amend its answer to assert a claim against Petitioner. *See* FED. R. CIV. P. 15(a)(1)–(2) (amendments to pleadings must either be made within 21 days of service, with the opposing party's written consent, or with the court's leave). Conrad's only involvement in this case is as a third-party defendant.[1] Accordingly, Conrad is not a potential claimant whose stipulation is required to protect Petitioner's right to limitation.

---

[1] In a sur-reply, Petitioner takes the position that Conrad is a "potential claimant" even though it has answered Petitioner's complaint without filing any claim against Petitioner. Dkt. 42 at 1. That argument strains credibility. Petitioner cannot deprive Claimants of their choice of forum by simply filing a third-party complaint in this limitation proceeding.

3

B.  **CLAIMANTS' STIPULATIONS ADEQUATELY PROTECT PETITIONER'S RIGHT TO LIMITATION**

Petitioner next argues that "Claimants' stipulation[s] contemplate that they **can** enforce an excess judgment or recovery against [Petitioner]" because Claimants stipulate "only that they 'will not seek to execute on the portion, if any, of a judgment against Petitioner that exceeds Claimants' pro rata portion of the **proper** limitation fund.'" Dkt. 21 at 10 (quoting Dkt. 17 at 5; Dkt. 18 at 5). According to Petitioner, "Claimants' added language of the '**proper**' limitation fund leaves open the possibility that they will, in fact, seek recovery in excess of the current limitation fund." Dkt. 21 at 10. I disagree.

I have addressed this exact argument before. *See In re Callan Marine Ltd.*, No. 3:22-cv-00044, 2023 WL 7276489 (S.D. Tex. Nov. 3, 2023). When I say "exact," I mean it's the same Petitioner, same counsel for Petitioner, same stipulation language, and even the same bolding of the words "can" and "proper" in Petitioner's opposition to the motion to lift stay. As I have held before:

> Claimants have stipulated that this Court has "exclusive jurisdiction to determine all issues related to Petitioner's right to limit its liability," and that Claimants will not seek to recover more than their pro rata share of whatever is left of the limitation fund *after subtracting* "attorneys' fees and costs which may be assessed against Petitioner." Dkt. 40-1 at 1-2; Dkt. 40-2 at 1-2. This is because "references to the 'proper limitation fund' in [Claimants' stipulations] are intended to mean the proper limitation fund, as reduced on account of any award of attorneys' fees and costs [(*all as determined by order of this Court* and any appellate review thereof)]." Dkt. 40-1 at 2; Dkt. 40-2 at 2 (emphasis added). That is sufficient to protect Petitioner's rights.

*Callan Marine*, 2023 WL 7276489, at *3 (cleaned up). The outcome here is no different than *Callan Marine*. Claimants have entered stipulations sufficient to protect Petitioner's rights.[2]

---

[2] In a sur-reply, Petitioner argues that "it is not known . . . whether the stipulations filed by the Claimants include all claimants." Dkt. 42 at 2. This assertion, which parrots an argument first raised in Petitioner's Motion to Dismiss (Dkt. 19), is pure speculation. Those who have filed claims include (1) Sandy, who alleges that she is Garrett Cherry's

4

## CONCLUSION

For the reasons stated above, Claimants' Motions to Lift Stay (Dkts. 17, 18) are **GRANTED**. Claimants may proceed with their claims against Petitioner in the 405th Judicial District Court of Galveston County, Texas. This matter is stayed and administratively closed unless and until Claimants receive a judgment in excess of the limitation fund and the parties inform this court that further action is required in this limitation proceeding. Because this case is now administratively closed, I need not decide the pending motions to dismiss. *See* Dkts. 19, 32, 39, 44.

SIGNED this 8th day of October 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

wife, the mother of his child, and the representative of his estate; and (2) Garrett Cherry's parents. To raise an issue as to any Claimant's capacity to sue, Petitioner was required to make "a specific denial, which must state any supporting facts that are peculiarly within [its] knowledge." Fed. R. Civ. P. 9(a)(2). Where, as here, Petitioner makes "only a general denial of [Claimants'] authority and alleged no supporting particulars," the Fifth Circuit has found such an attack "insufficient" to create an issue as to capacity to sue. *Landry v. Two R. Drilling Co.*, 511 F.2d 138, 141 n.2 (5th Cir. 1975). Because Petitioner cannot identify a single claimant who has failed to join the stipulations, Petitioner cannot stop Claimants from proceeding in their chosen forum.